STATE of Wisconsin, Plaintiff-Respondent,

v.

Eugene Deiondre RHODES, Defendant-Appellant.†

Court of Appeals

*No. 2007AP919–CR. Submitted on briefs November 6, 2007.*
*—Decided December 18, 2007.*

2008 WI App 32

(Also reported in 746 N.W.2d 599.)

† Petition to review denied 4/14/08.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Joseph E. Redding* of *Glojek Limited* of *West Allis*.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *J.B. Van Hollen*, attorney general and *Michael J. Loose*, assistant attorney general.

Before Wedemeyer, Fine and Kessler, JJ.

1. WEDEMEYER, J.   Eugene Deiondre Rhodes appeals from a judgment entered after he pled guilty to one count of second-degree sexual assault of a child, contrary to WIS. STAT. § 948.02(2)(2005–06).[1] Rhodes claims the trial court erroneously exercised its discretion when it denied his motion seeking plea withdrawal. Because Rhodes failed to establish a "fair and just reason" sufficient to require plea withdrawal, we affirm.

## BACKGROUND

¶ 2.   On January 24, 2005, Rhodes was incarcerated on an armed robbery charge. While incarcerated, Rhodes was interrogated about a separate, unrelated crime involving the sexual assault of a minor. Rhodes admits that he consented to a DNA test to see if he was connected to the assault, but claims he refused to be questioned about the incident itself. Milwaukee Police Detective, Jason Dorava, testified that Rhodes provided a three-page statement detailing what had occurred. At the *Miranda-Goodchild* hearing,[2] the trial court found the detective's version of events to be more credible and denied the motion to suppress the confession.

¶ 3.   On August 10, 2005, the date set for trial in this matter, Rhodes pled guilty to one count of second-degree sexual assault of a child. A plea colloquy was conducted and a plea questionnaire/waiver of rights form was submitted. The trial court ordered an update to the presentence investigation report and sentencing was set for September 7, 2005. On that date, the case was adjourned and sentencing was reset for October 26,

---

[1] All references to the Wisconsin Statutes are to the 2005–06 version unless otherwise noted.

[2] *See Miranda v. Arizona*, 384 U.S. 436 (1966); *State ex rel. Goodchild v. Burke*, 27 Wis. 2d 244, 133 N.W.2d 753 (1965).

2005. On that date, sentencing was adjourned until November 23, 2005. On November 23, defense counsel filed a motion to withdraw due to a breakdown in communication that is irreconcilable. Defense counsel advised the trial court that Rhodes would be filing a motion to withdraw his guilty plea.

¶ 4.   The State Public Defender's office appointed new counsel. Eventually on March 17, 2006, Rhodes filed a motion to withdraw his guilty plea, claiming he was coerced into pleading guilty by his former counsel. The trial court conducted an evidentiary hearing on May 8, 2006, at the end of which, the motion was denied. On August 9, 2006, Rhodes was sentenced to twenty years in prison, consisting of eleven years of initial confinement, followed by nine years of extended supervision. Judgment was entered. Rhodes now appeals.

## DISCUSSION

¶ 5.   The sole issue in this case is whether the trial court erroneously exercised its discretion in denying Rhodes's motion to withdraw his guilty plea. We are not convinced.

■

¶ 6.   To satisfy due process rights, a guilty plea must be entered knowingly, voluntarily and intelligently. *See State v. Hampton*, 2004 WI 107, ¶ 22, 274 Wis. 2d 379, 683 N.W.2d 14. This means that the defendant has to be aware of the nature of the crime with which he is charged, the constitutional rights he is waiving by pleading guilty, and the direct consequences of the plea. *Id.*, ¶¶ 22–24. WISCONSIN STAT. § 971.08(1)(a) protects the defendant's due process rights by requiring that the trial court "[a]ddress the defendant personally and determine

that the plea is made voluntarily with understanding of the nature of the charge and the potential punishment if convicted."

■

¶ 7.   A defendant seeking to withdraw a plea before sentencing must present a fair and just reason which the trial court finds credible, *and* rebut evidence offered by the State that the State will be substantially prejudiced by the plea withdrawal. *State v. Jenkins*, 2007 WI 96, ¶ 43, 303 Wis. 2d 157, 736 N.W.2d 24. A decision to grant or deny a motion to withdraw is within the discretion of the trial court. *Id.*, ¶ 30. "Fair and just" means some other adequate reason besides the defendant simply changing his mind. *See State v. Canedy*, 161 Wis. 2d 565, 583, 469 N.W.2d 163 (1991).

¶ 8.   Here, Rhodes makes two arguments. First, he contends that he presented a fair and just reason for plea withdrawal:   he entered the plea under the duress of his trial counsel's coercive conduct. Second, he contends the trial court applied the incorrect legal standard when it denied the motion, finding that the plea was voluntarily and knowingly entered and was valid under WIS. STAT. § 971.08, pursuant to *State v. Bangert*, 131 Wis. 2d 246, 274, 389 N.W.2d 12 (1986). We reject each argument for the reasons that follow.

¶ 9.   Citing *State v. Basley*, 2006 WI App 253, ¶ 9 & n.4, 298 Wis. 2d 232, 726 N.W.2d 671, Rhodes contends that his former trial counsel's conduct improperly coerced him into pleading guilty at that last moment, when he really wanted to go to trial. The record reflects that trial counsel concedes that he was "forceful" in his belief that Rhodes should take the plea offer. Counsel explained that after the trial court denied the motion to suppress, there was no chance of acquittal at trial, and Rhodes had a better chance of getting a shorter sen-

tence by accepting the plea offer. The record also demonstrates that trial counsel advised Rhodes that it was Rhodes's decision whether to proceed to trial or plead guilty. Rhodes admits this fact. After hearing both the testimony of trial counsel and Rhodes, the trial court ruled:

> [T]here's no issue as to whether or not the plea was taken pursuant to the requirements of Bangert. So . . . that was met as far as the criteria.
>
> The issue that has been brought up is whether or not the defendant really voluntarily, knowingly entered his plea without any type of coercion by his then lawyer. And based upon what's been represented on the record and the Court assessing the credibility of the witnesses who testified, that there's no doubt that [defense counsel] acted as an advocate in his role as a defense lawyer, as far as discussing with the defendant the pros and cons of entering a plea or going to trial and, apparently, had the case investigated by his investigator and afforded the defendant the opportunity, which he's supposed to have, of knowing the results of that discovery.
>
> They may have — the defendant may have gone back and forth as to whether or not to plead, but the bottom line is it was his decision to plead after discussing all the considerations; going through the plea questionnaire . . . . And it was [Rhodes's] decision, ultimately, to make that decision, and he did so voluntarily. I don't see anything that would — in the record that would come close to him being pressured by anybody to accept the plea.

■

¶ 10.    Thus, the trial court concluded that Rhodes fails to present sufficient evidence that he was improperly coerced into pleading guilty—therefore, there was no fair and just reason to grant plea withdraw. We

cannot conclude that the trial court erroneously exercised its discretion in deciding to deny the motion seeking plea withdrawal.

¶ 11.  Rhodes proffers his attorney's "forceful advice" as the coercion present here. We reject such a contention. Defense counsel's professional belief was that if Rhodes went to trial, he would be convicted. This was based on the ruling that the detailed confession would be admitted and upon defense counsel's investigation of potential alibi witnesses that simply did not pan out. Under such circumstances, a defense counsel would be remiss to advise a defendant to go to trial, knowing that a conviction was highly likely. Moreover, it was undisputed fact that after the "forceful advice," defense counsel told Rhodes that whether to go to trial was ultimately his decision. Rhodes concedes this fact, but still elected to plead guilty.

¶ 12.  Rhodes also proffers that several of the factors to consider in deciding whether to grant a plea withdrawal motion set forth in *State v. Shanks*, 152 Wis. 2d 284, 290, 448 N.W.2d 264 (Ct. App. 1989) are supportive of his claim:   (1) Rhodes claims he is innocent; (2) the plea was entered hastily; (3) there was coercion by defense counsel and (4) he swiftly filed a motion to withdraw the plea. We have already rejected coercion as a factor. There is no indication that the plea was entered hastily. Rhodes argues that because it was done on the date set for trial, this suggests a rushed plea. We are not convinced. There was no evidence that Rhodes was rushed through the plea colloquy. Rather, the record indicates the opposite—that there was a period of discussion prior to Rhodes agreeing to plead guilty. The next factor is quickly filing a motion to withdraw following the entry of the plea. That did not

happen here. The guilty plea was entered on August 10, 2005, and the motion to withdraw the plea was filed on March 17, 2006. Such timing does not strike this court as "swift." Rhodes also argues that although the motion was not filed quickly, there was indication early on that he had a change of heart. We acknowledge that former defense counsel advised the trial court during the counsel-withdrawal motion of Rhodes's desire to withdraw his plea. Still, this was not until November 23, 2005, over three months after the plea was entered. Thus, this factor does not favor Rhodes.

¶ 13.   The final factor Rhodes presents is claiming that he is innocent. A claim of innocence alone is insufficient to support a motion to withdraw a guilty plea. The claim must be backed up with credible evidence to support it. *See State v. Kivioja*, 225 Wis. 2d 271, 289, 592 N.W.2d 220 (1999). The trial court did not find this factor to be persuasive, thus either explicitly or implicitly concluding that Rhode's claim was disingenuous. In light of the detail provided within Rhode's confession, together with the trial courts credibility findings, we are not convinced that Rhode's innocence claim, standing alone, renders the trial courts decision erroneous. Accordingly, we must conclude that the trial court appropriately exercised its discretion in denying the motion seeking to withdraw the guilty plea.

¶ 14.   We are further not convinced that the trial court applied the incorrect legal standard. The emphasis in the trial court by Rhodes was that he was coerced by counsel into pleading guilty. In assessing that claim, the trial court analyzed whether the plea was entered knowingly, voluntarily and intelligently. Thus, the trial court examined this factor to determine whether coercion existed. Such procedure has been found to be

appropriate. *See Jenkins*, 736 N.W.2d 24, ¶ 62. Being coerced into pleading guilty is the direct antithesis to entering a voluntary plea. Based on our review of this record, we cannot conclude that the trial court erroneously exercised its discretion when it denied Rhodes's motion seeking plea withdrawal. Therefore, we affirm the judgment of the trial court.

*By the Court.*—Judgment affirmed.