PER CURIAM.
¶ 1 Pao Chang appeals a judgment, entered upon his no-contest pleas, convicting him of trafficking of a child and human trafficking, both as repeaters. He also appeals an order denying him postconviction relief. Chang contends that he is entitled to plea withdrawal based on the ineffective assistance of two of his trial attorneys. We disagree and affirm.
BACKGROUND
¶ 2 On May 2, 2014, the State filed a complaint charging Chang with three counts of trafficking of a child and a single count of human trafficking, all as repeaters. The complaint alleged that between January 1, 2013, and February 18, 2013, Chang facilitated acts of prostitution by several women, including some juvenile females.
¶ 3 On February 10, 2015, the circuit court allowed Chang's original trial attorney to withdraw from the case due to a health issue. Attorney Brian Van Ells was then appointed to represent Chang. Van Ells filed various motions on Chang's behalf, including three suppression motions, all of which the court denied. Van Ells also opposed, unsuccessfully, the State's motion in limine to admit other acts evidence.
¶ 4 On May 11, 2015, the day before Chang's trial was scheduled to begin, Van Ells informed the circuit court that a plea agreement had been reached. Van Ells then presented to the court a completed and signed plea questionnaire and waiver of rights form. Attached to this form were the terms of the plea agreement. The agreement provided that in exchange for Chang's guilty or no-contest pleas to one count of trafficking of a child and one count of human trafficking-both as repeaters-the remaining two counts of trafficking of a child would be dismissed but read in at sentencing. The State also agreed to recommend a sentence of twenty-five years' initial confinement followed by fifteen years' extended supervision, along with a lifetime sex offender registration requirement.
¶ 5 Prior to the beginning of the plea colloquy, Van Ells informed the circuit court that one of the reasons Chang agreed to the plea agreement was Chang felt he "[did] not have all the information he need[ed] to defend himself." However, Van Ells continued, "I will state as an officer of the Court that I believe I have sufficient evidence to advise Mr. Chang and to make a decision on what Mr. Chang should do." The court then asked Van Ells if he needed the additional information that Chang thought he needed to defend himself at trial. Van Ells responded that he did not, as "the information that Mr. Chang believes is necessary would either be cumulative or irrelevant." Accordingly, the court proceeded to conduct a plea colloquy.
¶ 6 During the plea colloquy, Chang originally maintained his innocence and told the circuit court that he was pleading because his "hands were tied." The court responded by telling Chang that he had the right to go to trial, but it pointed out that a trial would likely mean that the State's plea offer would be withdrawn. Chang indicated he understood, and he stated that was "what brings me to this decision." The court then asked Chang again, "Do you want to go to trial or do you want to accept the offer?" Chang responded, "No, Sir. I'll accept the offer." The court ultimately accepted Chang's pleas, finding they were freely, voluntarily, and intelligently entered. The court scheduled sentencing for July 15, 2015.
¶ 7 Eleven days later, on May 22, 2015, Chang sent a correspondence to the circuit court, requesting that he be allowed to "fire" Van Ells and withdraw his pleas. In his letter, Chang contended he had been coerced into pleading no contest by Van Ells' failure to "try at all to fight for me." Chang also filed a grievance against Van Ells with the Office of Lawyer Regulation. Consequently, the court allowed Van Ells to withdraw as counsel and scheduled a hearing on Chang's motion to withdraw his pleas.
¶ 8 Attorney Marcus Falk was then appointed to represent Chang. At the plea withdrawal hearing, Falk called only Chang to testify; he did not call Van Ells. Chang testified that he wanted to withdraw his plea because: (1) he believed that the plea offer capped the State's sentence recommendation at a twenty-five-year total bifurcated term, not twenty-five years' initial incarceration plus fifteen years' extended supervision; (2) he did not know that he could reject the plea offer and go to trial; (3) Van Ells failed to investigate a possible alibi defense and ignored Chang's request to obtain his bank records, employment time sheets, and medical records; (4) Van Ells failed to file all the motions that Chang requested be filed; and (5) Chang did not have enough time to review all of the discovery in the case.[1]
¶ 9 The circuit court rejected Chang's motion, finding that Chang had not presented a fair and just reason to withdraw his pleas. The court found that Chang's testimony-which the court summarized as being that "Mr. Chang was not fully apprised of all the circumstances, [and] did not have a clear understanding of the proceedings"-was not consistent with what occurred at the actual plea hearing colloquy. The court noted that it had offered Chang two breaks during that hearing to discuss any questions he had with Van Ells, and Chang had told the court at the plea hearing that he felt he had had enough time to do so. The court also found that Chang's complaints amounted to nothing more than a "desire now to have a jury trial."[2]
¶ 10 The circuit court ultimately imposed a sentence of eighteen years' initial confinement and fifteen years' extended supervision on the trafficking of a child count. On the human trafficking count, the court imposed a concurrent sentence of fifteen years' initial confinement and ten years' extended supervision.
¶ 11 On December 13, 2016, Chang's appellate counsel filed a postconviction motion seeking plea withdrawal. In addition to renewing the arguments Chang raised in his presentencing motion for plea withdrawal, this motion raised an ineffective assistance of counsel claim against Falk. As grounds, Chang claimed that Falk was ineffective for failing to call Van Ells as a witness at the presentencing plea withdrawal hearing.
¶ 12 The circuit court held three evidentiary hearings on Chang's postconviction motion and heard, in relevant part, testimony from both Van Ells and Falk. Van Ells testified that he had advised Chang against going to trial because Chang had no chance of acquittal on any of the four counts against him. Van Ells believed the best strategy was to accept the State's plea offer, which, due to the dismissal of two counts of trafficking of a child, significantly limited Chang's potential penalty exposure. Van Ells based his recommendation to Chang on his review of the "entire file," including over 1200 pages of police reports and witness statements. Van Ells estimated that he had spent over 100 hours on the case. He stated that he was ready to go to trial if Chang refused to accept the plea offer, despite Van Ells' belief that the hopes of winning at trial were "basically zero."
¶ 13 Van Ells also testified about his rationale for not obtaining Chang's bank records, medical records, and employment time sheets. He explained that Chang wanted him to secure those documents to support an alibi defense. However, Van Ells believed that Chang's physical location during the alleged instances of human trafficking was irrelevant, because the State was alleging that Chang had arranged for and coordinated acts of prostitution. Therefore, Chang's "physical location at the time [of the alleged acts of prostitution was] not particularly useful or relevant."
¶ 14 Falk testified that he decided not to call Van Ells at the presentencing plea withdrawal hearing after "having a conversation" with Van Ells. Based on that conversation, Falk "didn't think it was really necessary" to call Van Ells. Falk instead decided that the best strategy would be to call only Chang and allow him to present "his perspective" of the plea hearing.
¶ 15 The circuit court denied Chang's postconviction motion in an oral decision. The court found that Van Ells' performance representing Chang had not been deficient. Based on this lack of deficient performance by Van Ells, the court concluded that Chang could not show he was prejudiced by Falk's failure to call Van Ells to testify at the presentencing plea withdrawal hearing, as Van Ells' testimony would have contradicted Chang's testimony. Chang now appeals.
STANDARD OF REVIEW
¶ 16 The decision to grant or deny a motion to withdraw a plea lies within a circuit court's discretion. State v. Jenkins , 2007 WI 96, ¶ 29, 303 Wis. 2d 157, 736 N.W.2d 24. Accordingly, we review the court's decision on such a motion under the erroneous exercise of discretion standard. Id. , ¶ 30. As such, we will affirm the court's decision as long as the court relied upon the facts in the record, applied the applicable law, and used a rational decision-making process to reach a reasonable conclusion. Id. We will also uphold the court's factual findings and its credibility determinations unless they are clearly erroneous. Id. , ¶¶ 33-34. A factual finding or credibility determination is clearly erroneous if it is unsupported by the record. Id. , ¶ 33.
¶ 17 Further, whether counsel provided ineffective assistance presents a mixed question of fact and law. See State v. Jeannie M.P. , 2005 WI App 183, ¶ 6, 286 Wis. 2d 721, 703 N.W.2d 694. As such, we will uphold a circuit court's factual findings unless those findings are clearly erroneous, but we independently review whether those facts meet the constitutional standard of effective assistance of counsel. Id.
DISCUSSION
¶ 18 Chang contends that he is entitled to plea withdrawal because both Van Ells and Falk provided him ineffective assistance of counsel. The applicable law governing a motion to withdraw a plea is dependent on whether the motion is brought before or after a defendant is sentenced. State v. Sulla , 2016 WI 46, ¶ 24, 369 Wis. 2d 225, 880 N.W.2d 659. If the motion is brought before sentencing, a circuit court should grant the motion for any "fair and just" reason, unless doing so would substantially prejudice the prosecution. Id. If the defendant seeks to withdraw his or her plea after sentencing, then he or she bears a much higher burden: to show that plea withdrawal is necessary to correct a manifest injustice. State v. LeMere , 2016 WI 41, ¶ 22, 368 Wis. 2d 624, 879 N.W.2d 580. One way for a defendant to establish that a manifest injustice occurred is by showing that he or she received ineffective assistance of counsel. Id. , ¶ 23.[3]
¶ 19 In order to succeed on an ineffective assistance of counsel claim, a defendant must prove that: (1) counsel performed deficiently; and (2) the defendant was prejudiced by the deficient performance. Id. , ¶ 25. A defendant establishes deficient performance by showing that counsel's conduct falls below an objective standard of reasonableness. Id. There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Strickland v. Washington , 466 U.S. 668, 689 (1984). A defendant establishes prejudice by showing that there is a reasonable probability that, but for counsel's deficient performance, the result of a proceeding would have been different. State v. Sholar , 2018 WI 53, ¶ 45, 381 Wis. 2d 560, 912 N.W.2d 89. We need not address both components of the ineffective assistance inquiry if a defendant fails to make a sufficient showing on either one of them. Strickland , 466 U.S. at 697.
1. Ineffective assistance claim against attorney Van Ells
¶ 20 Chang argues that Van Ells provided him with ineffective assistance and, as a result, he felt coerced into accepting the State's plea offer. Specifically, Chang faults Van Ells for his alleged: (1) failure to adequately prepare for trial; (2) unreasonable advice to accept the State's plea offer; and (3) lack of sufficient communication with Chang. For the following reasons, we conclude Chang fails to show that Van Ells performed deficiently.
¶ 21 First, the record belies Chang's assertion that Van Ells did not adequately prepare for trial. The circuit court found that Van Ells spent over 100 hours preparing for trial. Van Ells also filed three suppression motions. Although Chang correctly notes that Van Ells did not comply with all of Chang's requests for investigation and did not file all of the suppression motions Chang thought were viable, Chang does not argue that any of Van Ells' decisions were unreasonable. In fact, Chang fails to even address Van Ells' testimony at the postsentencing hearing explaining why he declined to pursue all of Chang's requests. For instance, Chang does not acknowledge that Van Ells testified he did not obtain Chang's work or medical records because, although Chang thought they would support a possible alibi defense, Chang's physical location was irrelevant given the nature of the State's allegations.
¶ 22 Instead, Chang makes the conclusory argument that "the point here is not the quality of [Chang's] requests." We disagree. A defendant alleging that counsel's performance was deficient is required to show that that a challenged act or omission of counsel was not the result of reasonable professional judgment. See State ex rel. Flores v. State , 183 Wis. 2d 587, 620, 516 N.W.2d 362 (1994). Chang fails to do so, and thus he has failed to show that Van Ells' trial preparation was deficient.
¶ 23 Second, Chang contends Van Ells performed deficiently by advising him to accept the State's plea offer because his chances of winning at trial were "basically zero." However, Chang does not argue that Van Ells' assessment of his chances of winning at trial was erroneous. Nor does he assert that Van Ells' advice to accept the plea offer was wrong, much less unreasonable. It is objectively reasonable for counsel to communicate their professional belief regarding the chances that a defendant may be convicted at trial. State v. Rhodes , 2008 WI App 32, ¶ 11, 307 Wis. 2d 350, 746 N.W.2d 599 (2007). Chang has not shown that Van Ells' advice that Chang accept the plea offer, which led to the dismissal of two of the felony counts against him, was deficient.
¶ 24 Finally, Chang asserts that Van Ells' failure to spend "meaningful time" with him before trial was objectively unreasonable. This argument lacks merit because Chang fails to indicate what impact the lack of meaningful time spent with Van Ells had upon his representation or what could have been accomplished had Van Ells spent more time with him. The circuit court found-and Chang does not contest-that Van Ells "reviewed and discussed" his assessment of the case with Chang prior to the plea hearing. And, regardless of the length of time Van Ells spent with Chang prior to the plea hearing, Chang has not shown-or even argued-that Van Ells' assessment of the case was unreasonable. Chang cites no legal authority to support his position that counsel's otherwise objectively reasonable performance is rendered ineffective by counsel's failure to spend "meaningful time" with a defendant. We will not consider this undeveloped argument further. See State v. Pettit , 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992).
¶ 25 In sum, we conclude that Van Ells' performance fell within the wide range of professionally competent assistance. Therefore, the circuit court did not erroneously exercise its discretion by denying Chang's motions to withdraw his plea based on Van Ells' alleged ineffective assistance.
2. Ineffective assistance claim against attorney Falk
¶ 26 Chang also argues that Falk was ineffective because he failed to call Van Ells to testify at the presentencing plea withdrawal hearing. Chang contends that this constituted deficient performance because, had Van Ells been called, the alleged deficiencies in Van Ells' representation could have been "fleshed out." Further, he argues that he was prejudiced because the "testimony of Attorney Van Ells would have resulted in [the circuit court granting withdrawal of] the no contest pleas."
¶ 27 Chang's argument fails because, as the State notes, Chang ignores Van Ells' actual testimony at the postsentencing hearing. As discussed above, Van Ells' testimony contradicted Chang's claims at the presentencing plea withdrawal hearing that Van Ells' trial preparation was deficient. In addition, Falk spoke with Van Ells before the hearing, and could have concluded that not only was Van Ells' testimony unhelpful, but it could actually hurt Chang's efforts to withdraw his plea. Accordingly, we cannot conclude that Falk performed deficiently by failing to call Van Ells, as his testimony would have undermined Chang's ineffective assistance claim regarding Van Ells' representation.
¶ 28 Further, even if we were to assume that Falk's decision not to call Van Ells was deficient, Chang's claim fails because he cannot show that he was prejudiced by that decision. Chang's unchallenged testimony that he felt coerced into accepting the plea was rejected as a fair and just reason for plea withdrawal by the circuit court, which concluded that Chang had expressed nothing more than a "desire not to have a jury trial." Chang has not shown that the court's conclusion was erroneous, and a simple change of heart does not provide a fair and just reason for plea withdrawal. See State v. Kivioja , 225 Wis. 2d 271, 284, 592 N.W.2d 220 (1999). Moreover, Chang has not shown that if Van Ells had been called, there is a reasonable probability that his testimony-which, again, did not support Chang's position-would have led the court to reach a different conclusion.
By the Court. -Judgment and order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

On appeal, Chang renews only his third and fourth arguments concerning Van Ells' alleged deficient performance. Accordingly, we will not discuss further his other arguments.

The circuit court also found that the State would be prejudiced if Chang was allowed to withdraw his pleas. The State does not raise this issue on appeal, and we will not discuss it further.

The State argues that the higher "manifest injustice" standard applies to Chang's claims because, although Falk's alleged ineffective assistance occurred prior to sentencing, Chang did not challenge Falk's representation until after sentencing. Chang does not respond to this argument, and we therefore could deem it conceded. See Charolais Breeding Ranches, Ltd. v. FPC Sec. Corp. , 90 Wis. 2d 97, 109, 279 N.W.2d 493 (Ct. App. 1979). Nonetheless, we note that both of Chang's arguments rest on allegations that he received ineffective assistance of counsel. As a showing of ineffective assistance of counsel satisfies the higher manifest injustice standard, Chang would be entitled to relief regardless of which standard applied, if we were persuaded by his arguments. However, we reject Chang's claims on their merits, and so he cannot satisfy either standard.