COURT OF APPEALS
DECISION
DATED AND FILED

January 9, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No. 2022AP1887-CR**

**STATE OF WISCONSIN**

Cir. Ct. No. 2019CF2093

**IN COURT OF APPEALS
DISTRICT I**

STATE OF WISCONSIN,

      PLAINTIFF-RESPONDENT,

  V.

KEAIRA N. WALKER,

      DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Milwaukee County: JANET C. PROTASIEWICZ and ELLEN R. BROSTROM, Judges. *Affirmed*.

Before White, C.J., Donald, P.J., and Geenen, J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.  Keaira N. Walker appeals her judgment, entered upon a guilty plea, for second-degree reckless homicide with the use of a dangerous weapon, and the order denying her motion for postconviction relief without an evidentiary hearing.  Walker argues that the circuit court erred when it denied her presentencing motion to withdraw her plea.  Further, she argues that she was denied the effective assistance of counsel because she believed trial counsel's alleged guarantee of a specific sentence.  Upon review, we reject her arguments and we affirm.

## BACKGROUND

¶2     According to the criminal complaint, on May 8, 2019, O.E. entered Walker's vehicle as part of an arranged drug sale and informed her that "he only wanted to spend $40 and not the whole $200" that he discussed when they arranged the meeting.  When O.E. refused to give Walker the $200, she pulled out a gun.  After O.E. attempted to leave the vehicle and Walker and O.E. struggled over control of the gun, Walker shot O.E.  O.E. fell out of the vehicle and he was pronounced dead at the scene.  Walker was charged with two counts:  felony murder and possession of a firearm by a felon.

¶3     After amendments to the information on September 23 and 24, 2019, and March 10, 2020, Walker faced charges for second-degree reckless homicide with the use of a dangerous weapon, attempted armed robbery, and possession of a firearm by a felon.  On March 10, 2020, Walker agreed to a plea to the charges in the final amended information.  The circuit court reviewed the proposed plea agreement for a sole charge of second-degree reckless homicide with the use of a

dangerous weapon and the dismissal of counts two and three.[1]  Trial counsel explained that the State was "making a recommendation of [fifteen to seventeen] years of initial confinement, leaving [extended supervision] up to the [c]ourt; and the Defense [was] free to argue."  Walker affirmed that she understood these plea negotiations and she wanted to proceed with the plea.  Walker agreed that she understood that the circuit court was not bound by the plea agreement and could sentence her to the maximum term, which the circuit court explained was thirty years, with twenty years of initial confinement.  Trial counsel and Walker both affirmed that Walker reviewed and understood the guilty plea questionnaire, her waiver of rights, relevant jury instructions, the criminal complaint, and the amended informations.  Walker informed the court she was satisfied with trial counsel's representation.  After its thorough colloquy with Walker, the circuit court accepted Walker's guilty plea as made "freely, voluntarily and intelligently."

¶4      In August 2020, prior to sentencing, Walker moved to withdraw her guilty plea pursuant to WIS. STAT. § 971.08(2) (2019-20).[2]  Walker alleged that she had an alibi for the crime and that witnesses in support of her alibi were afraid to come forward due to threats from a third-party.  On September 11, 2020, the circuit court denied her motion during the sentencing hearing.  The circuit court concluded that Walker had not met her burden of a fair and just reason to withdraw her plea.  The circuit court then proceeded to sentencing and imposed a

---

[1] The Honorable Janet C. Protasiewicz accepted Walker's plea, denied her motion to withdraw her plea, and presided over sentencing.  We refer to Judge Protasiewicz as the circuit court.

[2] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

term of twenty-six years of imprisonment, bifurcated as sixteen years of initial confinement and ten years of extended supervision.

¶5    In April 2022, Walker moved for postconviction relief, arguing that plea withdrawal was necessary to avoid manifest injustice arising out of ineffective assistance of counsel. She asserts that trial counsel had misinformed her that she would be sentenced to a maximum of ten years.[3] The postconviction court denied her motion without a hearing in September 2022.[4] Walker now appeals.

## DISCUSSION

¶6    Walker argues that two issues are before this court. First, she asserts that the circuit court erred when it denied her presentencing plea withdrawal motion. She requests we remand the case to the circuit court to hold an evidentiary hearing to determine whether her fair and just reasons to withdraw her plea were credible and whether the State would be substantially prejudiced if she withdrew her plea. Second, she requests a *Machner*[5] hearing on her claim that trial counsel provided ineffective assistance of counsel when he guaranteed a specific sentence prior to her plea. She asserts that she sufficiently alleged

---

[3] Walker also argued in her postconviction motion that trial counsel did not advise her that she waived the right to challenge the admission of other-acts evidence of a prior robbery conviction when she pled guilty. Walker does not pursue an appeal of this claim. "[A]n issue raised in the [circuit] court, but not raised on appeal, is deemed abandoned." *A.O. Smith Corp. v. Allstate Ins. Cos.*, 222 Wis. 2d 475, 491, 588 N.W.2d 285 (Ct. App. 1998). We consider this claim abandoned and we discuss it no further.

[4] The Honorable Ellen Brostrom denied Walker's postconviction motion. We refer to Judge Brostrom as the postconviction court.

[5] *State v. Machner*, 92 Wis. 2d 797, 804, 285 N.W.2d 905 (Ct. App. 1979).

4

material facts to entitle her to an evidentiary hearing on this claim. Both of Walker's arguments fail.

### I.    *Presentencing plea withdrawal*

¶7    A defendant who moves to withdraw a plea before sentencing faces three obstacles. *State v. Jenkins*, 2007 WI 96, ¶43, 303 Wis. 2d 157, 736 N.W.2d 24. First, the defendant must offer a fair and just reason for plea withdrawal. *Id.* "Fair and just" means an adequate reason besides a simple change of mind by the defendant. *State v. Rhodes*, 2008 WI App 32, ¶7, 307 Wis. 2d 350, 746 N.W.2d 599. It is the defendant's burden to show by a preponderance of the evidence that the reason is fair and just. *State v. Canedy*, 161 Wis. 2d 565, 583-84, 469 N.W.2d 163 (1991). Second, the circuit court must find that the proffered fair and just reason was credible. *Jenkins*, 303 Wis. 2d 157, ¶43. Third, the defendant must rebut evidence of substantial prejudice to the State if the plea is withdrawn. *Id.*

¶8    "A circuit court's discretionary decision to grant or deny a motion to withdraw a plea before sentencing is subject to review under the erroneous exercise of discretion standard." *Id.*, ¶30. "[W]e apply a deferential, clearly erroneous standard to the court's findings of evidentiary or historical fact" including credibility determinations. *Id.*, ¶33. This court will sustain the circuit court's discretionary decision if "the circuit court examined the relevant facts, applied a proper standard of law, and, using a demonstrated rational process, reached a conclusion that a reasonable judge could reach." *State v. Lopez*, 2014 WI 11, ¶60, 353 Wis. 2d 1, 843 N.W.2d 390 (citation omitted).

¶9    Walker argues she provided a fair and just reason to withdraw her plea. We return to the record. In her August 2020 motion to withdraw her plea, Walker asserted that her plea was not voluntary because she feared for her safety if

she went to trial due to threats received by her family and friends from W.M., who allegedly witnessed Walker shooting O.E. in her vehicle, and W.M.'s boyfriend, known as "Fat-man." In her motion, she alleged that on March 16, 2020, less than a week after her plea was entered, she informed trial counsel that she wanted to withdraw her plea because she had an alibi and people were afraid to come forward in her defense. She attached two affidavits and copies of text messages to her August motion. The first affidavit was from trial counsel's investigator, who interviewed a person who called trial counsel's office in April 2020 and who provided a series of text messages purportedly relaying threats from Fat-man.[6] The second affidavit was from A.M., who contacted trial counsel in July 2020 with a claim that she could provide an alibi for Walker. A.M. averred in her affidavit that Walker was at her residence at the time of the shooting and that she had been afraid to come forward with an alibi because of threats from Fat-man.

¶10 The circuit court denied Walker's motion during the sentencing hearing, concluding that she had not met her burden. We recite the court's reasoning. First, the court found that Walker was not challenging the sufficiency of the plea colloquy. Second, the court considered that Walker waived her right to bring an alibi defense during her plea; therefore, she could not now rely on such a

---

[6] The text messages attached to the investigator's affidavit included: "dat BITCH fina get over 25 years an even if she was getting out at she gone do … I own these streets I'm da only mf bully in Milwaukee"; "I'm gone smoke y'all punk Ass"; "I been did my home work on dat punk Ass … I know where Yu stay on 32 nd in da buildings an I know where kee sister at on 53rd … go pay her mama visit on browndeer an her granny on 42nd"; and "I can go kill any mf rite now but da difference between me an kee is I know about over 20 bodies dats gone get me back out if I was to get caught for killing her mama[.]" We decline to use "[sic]" to indicate errors or mistakes in the text of this text message conversation because such conversations are often informal and involve typographical errors, shorthand, and abbreviations. *See United States v. Mitchell*, 353 F.3d 552, 555 n.4 (7th Cir. 2003).

defense to withdraw her plea.[7] The court also did not find A.M.'s affidavit to be compelling. Third, the court found that Walker waited a long time to move to withdraw her plea—five months. The court also noted that Walker "told her attorney that she wanted to withdraw her plea because people are afraid to come forward" which is "something she should have told [trial counsel] before she entered her guilty plea." The court characterized Walker's reasoning as she "thought about it and had second thoughts and said hey I have this alibi." The court concluded that Walker had not shown a fair and just reason to vacate her guilty plea. See *Jenkins*, 303 Wis. 2d 157, ¶43.

¶11 Further, the court found that there would be substantial prejudice to the State if the plea were withdrawn. The State had needed a warrant to secure a witness when the trial was scheduled; therefore, the State would be prejudiced if it had to pursue that witness again. The court concluded that a delay would be prejudicial because the victim's family was present at the sentencing hearing and the victim's impact statement had been filed.

¶12 Finally, trial counsel asked the circuit court if it was making a finding related to the voluntary nature of Walker's plea in light of her allegations that her plea was predicated on fear and threats against herself and others. The court stated it was not making that finding, but it did find that she had not met the "threshold by a preponderance of the evidence that there's a fair and just reason for her to withdraw her plea." The court stated it was "not making any specific finding as to whether someone was scared to come to court or not" and that the

---

[7] The record reflects that during the March 10 plea hearing, Walker agreed in writing that "by pleading I am giving up any defenses such as insanity, self-defense, intoxication, alibi, coercion or necessity."

7

court was "not able to do that," stating that it did not "know if someone was scared to come to court or not." The court did not make a credibility determination on the impact of those threats on the voluntary nature of Walker's plea.

¶13    Walker argues that the circuit court evaluated Walker's fair and just reason without an evidentiary hearing in which Walker could be heard and her credibility evaluated. However, we interpret the circuit court as deciding that Walker failed to show by a preponderance of the evidence that a fair and just reason existed, the first obstacle described in *Jenkins*. *See id.*, 303 Wis. 2d 157, ¶43. Thus, the court did not reach the second obstacle in *Jenkins*, that her fair and just reason was credible. *Id.*

¶14    Although the circuit court's exercise of discretion "requires the court to take a liberal, rather than a rigid, view of the reasons given for plea withdrawal," the law does not provide an automatic right to withdraw or a guarantee of an evidentiary hearing. *See State v. Bollig*, 2000 WI 6, ¶29, 232 Wis. 2d 561, 605 N.W.2d 199. "The terms 'fair and just' lack any pretense of scientific exactness." *State v. Shanks*, 152 Wis. 2d 284, 290, 448 N.W.2d 264 (Ct. App. 1989) (citation omitted). Although the general rule for fair and just reasons has focused on defects in the plea colloquy and misunderstanding of the plea agreement, a defendant may offer a fair and just reason that relies on "matters outside the plea colloquy record."[8] *Jenkins*, 303 Wis. 2d 157, ¶62. Furthermore,

---

[8] Our supreme court has explained that "[a]s a general rule, a fair and just reason for plea withdrawal before sentence will likely exist if the defendant shows that the circuit court failed to conform to its statutory or other mandatory duties in the plea colloquy, and the defendant asserts misunderstanding because of it." *State v. Jenkins*, 2007 WI 96, ¶62, 303 Wis. 2d 157, 736 N.W.2d 24. Under this analysis, Walker's claim is not a fair and just reason because she alleged no error in the colloquy or a misunderstanding of the plea.

this court has offered several factors in considering whether a reason is fair and just, including the assertion of innocence, coercion by trial counsel, and the timing of the motion to withdraw the plea, with a "swift change of heart" indicating that the plea may have been entered in haste and confusion. *Shanks*, 152 Wis. 2d at 290. In all cases, a fair and just reason must be "supported by the evidence of record." *Id.*

¶15    Walker argues that the circuit court mischaracterized her reasoning as second thoughts and wanting a trial. Walker argues that her plea was not voluntarily entered because of fear caused by threats against herself and her friends and family.[9] Nevertheless, Walker's allegations are not grounded in the legal standards for presentencing plea withdrawal, for example, she has not presented an affidavit asserting her innocence. Further, her withdrawal motion came five months after the plea, which does not show haste or confusion in entering her plea. Finally, her motion did not set forth why the purported alibi has now come forward. We conclude the evidence in the record does not support that Walker has shown a fair and just reason. While Walker posits fear as a reason, her

---

[9] We briefly address the State's argument that the alibi and threats were not newly-discovered evidence. Although Walker described the alibi and threats as newly-discovered evidence in her motion, this is an imperfect analysis for her claim because she is arguing this information prevented her from entering a voluntary plea. By its very nature, that evidence was known at the time of the plea. For new evidence to constitute a fair and just reason for presentencing plea withdrawal, the defendant must show by a preponderance of the evidence that (1) the new evidence was discovered after entry of the plea; (2) the defendant was not negligent in seeking the new evidence; (3) the new evidence is material to an issue in the case; and (4) the new evidence is not merely cumulative. *State v. Kivioja*, 225 Wis. 2d 271, 294, 592 N.W.2d 220 (1999). Walker's claims do not satisfy this test. Walker alleged that she knew of her alibi and the threats before the plea was entered.

allegations are speculative and conclusory and she fails to make a showing that it was more likely than not that fear or threats motived her plea.[10]

¶16     Further, under the facts presented by Walker, to accept her claims as fair and just reasons would impugn the integrity of the plea colloquy. When a defendant alleges a fair and just reason outside the plea colloquy, the defendant must be able to show why it would be "fair and just to disregard the solemn answers the defendant gave in the colloquy." *Jenkins*, 303 Wis. 2d 157, ¶62. "A failure to recognize the implications of a valid plea colloquy would 'debase[] the judicial proceeding at which a defendant pleads and the court accepts its plea.'" *Id.* (quoting *United States v. Hyde*, 520 U.S. 670, 676 (1997)). Walker affirmed that she understood the rights she waived, which included her right to an alibi defense. She agreed that she discussed the charges and possible defenses with her counsel. She stated that no one threatened or pressured her to enter the guilty plea. To accept Walker's allegations of fear as a fair and just reason would debase the integrity of the plea colloquy.

¶17     When we consider Walker's allegations in consideration of Wisconsin law on the meaning of fair and just reasons and the solemnity of the plea colloquy, we conclude that the circuit court's denial of the motion was not an erroneous exercise of discretion. The circuit court considered the facts offered by Walker under the proper standard of law for plea withdrawal. The court reached a conclusion that a reasonable court could reach. *See Lopez*, 353 Wis. 2d 1, ¶60. Thus, we sustain the circuit court's discretionary decision.

---

[10] "Proof by a preponderance of the evidence" requires a "showing that it is more likely than not" that the examined conduct or action occurred. *State v. West*, 2011 WI 83, ¶80, 336 Wis. 2d 578, 800 N.W.2d 929.

## II.    Ineffective assistance of counsel

¶18    Walker also argues that trial counsel provided ineffective assistance of counsel by guaranteeing that she would receive a specific sentence if she entered the plea agreement.  She asserts that her postconviction motion to withdraw her plea alleged sufficient material facts to require the circuit court to hold a *Machner* hearing on her claim.

¶19    "A defendant is entitled to withdraw a guilty plea after sentencing only upon a showing of 'manifest injustice' by clear and convincing evidence." *State v. Bentley*, 201 Wis. 2d 303, 311, 548 N.W.2d 50 (1996).  "One way to demonstrate manifest injustice is to establish that the defendant received ineffective assistance of counsel."  *State v. Dillard*, 2014 WI 123, ¶84, 358 Wis. 2d 543, 859 N.W.2d 44.  A defendant establishes ineffective assistance of counsel by making a showing under the two-prong test in *Strickland v. Washington*, 466 U.S. 668, 687 (1984) "(1) that trial counsel's performance was deficient; and (2) that this deficiency prejudiced the defendant." *Dillard*, 358 Wis. 2d 543, ¶85.

¶20    Whether a defendant's postconviction motion alleges sufficient facts to entitle the defendant to a *Machner* hearing has a mixed standard of review. *State v. Allen*, 2004 WI 106, ¶9, 274 Wis. 2d 568, 682 N.W.2d 433.  We independently review two questions of law:  (1) "whether the motion on its face alleges sufficient material and non-conclusory facts that, if true, would entitle the defendant to relief"; and (2) "whether the record conclusively demonstrates that the defendant is not entitled to relief."  *State v. Jackson*, 2023 WI 3, ¶8, 405 Wis. 2d 458, 983 N.W.2d 608.  "If the defendant's motion alleges sufficient and non-conclusory facts which would entitle the defendant to relief and the record

11

does not conclusively establish otherwise, then the circuit court must hold a *Machner* hearing." *Id.* "However, if the motion does not raise facts sufficient to entitle the movant to relief, or presents only conclusory allegations, or if the record conclusively demonstrates that the defendant is not entitled to relief, the circuit court has the discretion to grant or deny a hearing." *Allen*, 274 Wis. 2d 568, ¶9. We review the circuit court's discretionary decision for an erroneous exercise of discretion. *Bentley*, 201 Wis. 2d at 311.

¶21 In Walker's postconviction motion, she asserted that prior to her plea on March 10, 2020, she met with trial counsel on March 9 in the "bullpen" behind the courtroom for a status conference. She alleged that trial counsel told her, "I can get you ten years at the most" if she pled guilty. On March 10, Walker again met with trial counsel in the bullpen, and trial counsel repeated that she would be sentenced to no more than ten years, explaining that the circuit court "owed him one." Walker entered her guilty plea the same day. Walker further asserted that she trusted trial counsel's advice that she would receive no more than ten years in prison because "he is a paid lawyer and he knows the system and I don't." Walker argued that she would not have pled guilty if she knew that the circuit court could sentence her to more than ten years in prison.

¶22 The test for deficient performance by trial counsel is whether it fell below an objective standard of reasonableness. *Dillard*, 358 Wis. 2d 543, ¶88. Walker argues that trial counsel provided incorrect advice regarding the sentence she faced. She also argues that trial counsel's deficient performance rendered her plea involuntary. For our review, we assume without deciding that promising a defendant a specific sentence as part of a plea agreement because the court owed the attorney a favor was deficient performance.

12

¶23 However, even if we presume deficient performance, we conclude that Walker has failed to show prejudice to her defense. To prove prejudice, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. "This court determines independently, as a matter of law, whether the facts demonstrate prejudice[.]" *Dillard*, 358 Wis. 2d 543, ¶99. In other words, we independently review "whether under the totality of the circumstances there is a reasonable probability" that Walker would have not entered the guilty plea and would have gone to trial had she known the correct maximum penalty. *Id.* To succeed Walker must make more than a bare allegation that she would have gone to trial. *Id.*

¶24 Our examination of the record shows that Walker failed to allege facts to support that she pled guilty only because of the incorrect advice of counsel.[11] To succeed on a request for an evidentiary hearing on a postconviction claim, "a defendant should provide facts that allow the reviewing court to meaningfully assess his or her claim." *Bentley*, 201 Wis. 2d at 314. The motion must allege the "who, what, where, when, why, and how" of the defendant's claim with material factual objectivity. *Allen*, 274 Wis. 2d 568, ¶23. Here, Walker

---

[11] In her appeal, Walker also argues that her efforts to withdraw her plea prior to sentencing are proof that she wanted to present her side of the story at trial and that her one-day delay in entering her plea after receiving the State's offer was a sign of her reluctance to give up her trial rights. This court "will review only the allegations contained in the four corners of [the] postconviction motion, and not any additional allegations that are contained" in briefing. *See State v. Allen*, 2004 WI 106, ¶27, 274 Wis. 2d 568, 682 N.W.2d 433. In any case, these arguments do not provide the specific "facts that [would] allow the reviewing court to meaningfully assess his or her claim." *State v. Bentley*, 201 Wis. 2d 303, 314, 548 N.W.2d 50 (1996).

failed to provide facts to explain why or how counsel's alleged promise convinced her to enter her plea.

¶25 Furthermore, Walker testified in the plea colloquy that she understood the maximum penalty for second-degree reckless homicide was thirty years, that the State was recommending a term of fifteen to seventeen years of initial confinement, and that the circuit court could impose the maximum sentence. While Walker testified that she understood that her attorney could also argue for an appropriate sentence, we conclude that Walker was aware that the possible sentence could exceed ten years. She has not provided facts to undermine our confidence in the plea colloquy. She has not alleged sufficient facts to show that she would have gone to trial but for trial counsel's advice. "Without facts to support [her] allegation that [she] pled guilty only because of the misinformation, [Walker's] allegation amounts to merely a self-serving conclusion." *Bentley*, 201 Wis. 2d at 316. We conclude that Walker's allegations are insufficiently pled and conclusory.

¶26 We conclude Walker has failed to make a showing of prejudice arising out of trial counsel's deficient performance. *See Dillard*, 358 Wis. 2d 543, ¶99. Therefore, her ineffective assistance of counsel claim fails. *See Strickland*, 466 U.S. at 687. Because we conclude that Walker has failed to prove ineffective assistance of counsel, Walker has failed to show that it would be a manifest injustice to not allow her to withdraw her plea. *See Bentley*, 201 Wis. 2d at 311.

¶27 Further, because we conclude that Walker's postconviction motion was insufficiently pled and contained conclusory allegations, the postconviction court's decision to deny her postconviction motion without a *Machner* hearing was not an erroneous exercise of discretion. *See Allen*, 274 Wis. 2d 568, ¶34.

**CONCLUSION**

¶28 For the reasons stated above, we conclude that the circuit court did not erroneously exercise its discretion when it denied Walker's presentencing plea withdrawal motion without a hearing. We also conclude that the postconviction court did not erroneously exercise its discretion when it denied her postconviction motion without a hearing.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.