STATE of Wisconsin, Plaintiff-Respondent,

v.

Donnell BASLEY, Defendant-Appellant.

Court of Appeals

*No. 2005AP2449–CR. Submitted on briefs June 14, 2006. —Decided November 30, 2006.*

2006 WI App 253

(Also reported in 726 N.W.2d 671.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Randall E. Paulson*, assistant state public defender of Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Eileen W. Pray*, assistant attorney general, and *Peggy A. Lautenschlager*, attorney general.

Before Dykman, Deininger and Higginbotham, JJ.

¶ 1. DEININGER, J. Donnell Basley appeals a judgment convicting him, on his plea of no contest, of second-degree reckless homicide. He also appeals an order denying his postconviction motion for plea withdrawal. Basley claims the circuit court erred in denying his postconviction plea withdrawal motion without con-

ducting an evidentiary hearing. We agree and reverse the order denying postconviction relief. We remand the case to the circuit court for the purpose of conducting an evidentiary hearing to determine whether Basley should be permitted to withdraw his no contest plea.

## BACKGROUND

¶ 2. The State charged Basley with second-degree reckless homicide for causing the death of his uncle. The State later amended the charge to first-degree intentional homicide and the case was tried to a jury on that charge. The circuit court declared a mistrial after the jury was unable to reach a unanimous verdict on the first-degree intentional homicide charge or on any lesser included offense. Basley ultimately pled no contest to the original charge of second-degree reckless homicide after the State agreed to restore that charge in an amended information.

¶ 3. Basley filed a postconviction motion seeking to withdraw his no contest plea. The circuit court denied the postconviction motion without conducting an evidentiary hearing. Basley appeals the judgment of conviction and the order denying postconviction relief. He argues for reversal of only the postconviction order, seeking a remand for the purpose of conducting an evidentiary hearing on his plea withdrawal motion.

## ANALYSIS

¶ 4. We recently described and distinguished two "different route[s] to plea withdrawal." *See State v. Howell*, 2006 WI App 182, ¶ 16, 296 Wis. 2d 380, 722 N.W.2d 567. Basley's plea withdrawal motion in this

case is of the *Nelson/Bentley* variety.[1] *See id.* That is, Basley concedes that the requirements for a plea colloquy enunciated in *State v. Bangert*[2] were complied with but seeks to withdraw his plea for reasons that are not apparent from the present record. *See State v. Brown*, 2006 WI 100, ¶ 64, 293 Wis. 2d 594, 716 N.W.2d 906; *Howell*, 722 N.W.2d 567, ¶ 16. As we explained in *Howell*, Basley was thus entitled to an evidentiary hearing on his plea withdrawal motion *unless* his motion failed to allege " 'facts sufficient to entitle [him] to relief, or present[ed] only conclusory allegations, or if the record [otherwise] conclusively demonstrates that [Basley] is not entitled to relief.' " *See Howell*, 722 N.W.2d 567, ¶ 17 (citing *State v. Allen*, 2004 WI 106, ¶ 9, 274 Wis. 2d 568, 682 N.W.2d 433). None of the reasons that would permit the circuit court to deny Basley's motion without a hearing are present on the record before us.

¶ 5. Basley stated in his postconviction motion that he "maintains his innocence" on the charge for which he was convicted, asserting that his uncle's death was an accident. He goes on to assert in the motion that, at the time he entered his plea, "he was exhausted and demoralized, and he feared that his attorney would sabotage his defense or withdraw and make sure that his defense would be sabotaged by successor counsel." Although Basley acknowledges in his motion that his trial counsel will deny many of his assertions, he requested a hearing "at which the court can resolve the conflict" between his testimony and that expected from his former counsel.

---

[1] See *State v. Bentley*, 201 Wis. 2d 303, 548 N.W.2d 50 (1996); *Nelson v. State*, 54 Wis. 2d 489, 195 N.W.2d 629 (1972).

[2] *State v. Bangert*, 131 Wis. 2d 246, 389 N.W.2d 12 (1986).

¶ 6. Basley's version of the events leading up to his no contest plea, as set forth in his postconviction motion, are as follows. The day before his second trial was scheduled to begin, his counsel met with him and urged him to plead no contest to reckless homicide, which Basley would not agree to do. On the day of the scheduled second trial, Basley met again with his counsel who then "threatened to withdraw unless . . . Basley accepted a plea agreement." Counsel told Basley that if he did not plead, counsel would withdraw and it would likely take up to a year before a new attorney would be prepared to take the case to trial. Basley thus believed he would not be effectively represented by his present attorney at trial, and he did not want to undergo "the trauma of having to wait for retrial."

¶ 7. Basley also asserts in his motion that, because of the threat of abandonment by his trial counsel and a lengthy delay before his case could be tried, his "ability to make a decision" was overcome, and he "involuntarily pled no contest even though he was innocent." He acknowledged in his motion that, because he made no claim that his plea colloquy fell short of the requirements of *Bangert* and WIS. STAT. § 971.08 (2003–04),[3] he would bear the burden of proving the involuntary nature of his plea. Basley summarized the grounds for his motion as follows: Despite his innocence, "his counsel's threat to withdraw wore him down and made him too afraid—not merely of being convicted, but of not receiving an adequate defense, and of having to endure pretrial anxiety—to resist his counsel's insistence that he plead no contest."

---

[3] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

¶ 8. Accompanying Basley's motion is an affidavit from his postconviction counsel averring that the motion "summarizes ... Basley's expected testimony." Counsel also acknowledges in the affidavit that Basley's trial counsel will likely dispute that he threatened to withdraw unless Basley accepted the proffered plea bargain.

¶ 9. We conclude that Basley's postconviction motion, as described in the preceding paragraphs, meets the *Nelson/Bentley* standard for conducting an evidentiary hearing. First, Basley's motion states sufficient facts that, if true, would entitle Basley to withdraw his plea. If his trial counsel in fact told him that, if Basley would not agree to the State's proffered plea bargain, counsel would withdraw from representation, thereby forcing a potentially lengthy delay of Basley's trial, Basley's plea was tendered under the duress of his attorney's coercive conduct, rendering his plea involuntary. *See, e.g., Brady v. United States,* 397 U.S. 742, 749–755 (1970).[4]

---

[4] Although Basley grounds his plea withdrawal motion on claims of duress and coercion, his counsel's alleged misconduct would also seem to support a Sixth Amendment claim of ineffective assistance of counsel. A court would be hard-pressed to conclude that an attorney who threatens to abandon his client on the morning of trial, without valid grounds for withdrawing from representation, in order to pressure the client into pleading guilty or no contest, would be rendering representation that meets applicable "professional norms." *See State v. Johnson,* 153 Wis. 2d 121, 127, 449 N.W.2d 845 (1990). There would also seem to be little question that, if the cited misconduct resulted in Basley's waiving his right to trial on a charge he wanted to contest, he would have been prejudiced by counsel's actions. *See id.*

¶ 10. We also conclude that the factual assertions set forth in Basley's motion are not "conclusory allegations." Basley's motion does not simply allege that he was "pressured" or "coerced" by his attorney to enter a plea. He asserts that his counsel made specific statements at specific times and locations in the hours preceding his no contest plea. These factual assertions, which we have summarized above, are sufficient to "permit a meaningful assessment" of Basley's claim that his plea was involuntary, and they are thus not "conclusory allegations." *See Howell*, 722 N.W.2d 567, ¶ 34.[5]

¶ 11. Finally, having concluded that Basley pled sufficient material facts in his postconviction motion, as opposed to conclusory allegations, to show that he would be entitled to withdraw his plea if the facts are true, we turn to what becomes the dispositive inquiry in this appeal—whether " 'the record [otherwise] conclusively demonstrates that [Basley] is not entitled to relief.' " *See id.*, ¶ 17 (citation omitted). The circuit court denied Basley's motion without a hearing because it concluded the record demonstrated conclusively that Basley's plea was knowing and voluntary.

¶ 12. In support of this conclusion, the circuit court pointed to the plea hearing colloquy, which the court determined showed "unequivocally that the defendant understood the nature of the charge against him, the elements of the offense, the maximum penalty he was facing, and the rights he was waiving by

---

[5] As we noted in *Howell*, the lack of an affidavit from Basley setting forth his assertions as averments does not render Basley's motion infirm. *See State v. Howell*, 2006 WI App 182, ¶ 45 n.14, 296 Wis. 2d 380, 722 N.W.2d 567.

entering a no contest plea." The court also noted that, when it asked Basley whether he had been threatened by anyone to get him to sign the plea questionnaire and waiver of rights form or to plead no contest, he had responded "no, sir." The circuit court further described how, at the plea hearing, Basley told the court he was entering his no contest plea "freely, voluntarily and intelligently," and that he had even "thanked the [c]ourt for accepting his no contest plea."

¶ 13. The circuit court explained in its postconviction decision that it had observed Basley during the plea colloquy and evaluated his responses, making its own, independent determination that Basley understood the proceedings and was pleading no contest knowingly, intelligently and voluntarily. The court then stated its finding "beyond a reasonable doubt" that the defendant had entered his plea knowingly, intelligently and voluntarily. The court concluded its decision with the following summary:

> His current backpedaling flies in the face of the no contest plea hearing, and his claims of clouded thinking are not borne out by the plea transcript and what the Court observed during its colloquy with him. If a court is not entitled to rely on the responses given by a defendant during a plea colloquy, the finality of all guilty/no contest pleas would be in severe jeopardy.

¶ 14. The State, in asking us to uphold the circuit court's denial of Basley's postconviction motion without an evidentiary hearing, relies on much the same reasoning as did the circuit court. The State claims that Basley's arguments ignore "the fact that the trial court had the opportunity to judge his credibility on the specific issue of coercion at the plea hearing." The State, like the circuit court, points to Basley's responses during the colloquy that he had not been threatened in

any way to enter his no contest plea. In the State's view, because "Basley was given a full opportunity to present his complaints at the plea hearing and later at sentencing," he should not be entitled to a postconviction hearing at which he would testify in contradiction to the responses he gave during the plea colloquy. We reject the State's reasoning.

¶ 15. The State is simply incorrect that a good and sufficient plea colloquy, one that concededly complies with the requirements of *Bangert*, can be relied on to deny an evidentiary hearing for a defendant who seeks to withdraw his or her plea on non-*Bangert* grounds. The entire premise of a *Nelson/Bentley* plea withdrawal motion is that something not apparent from the plea colloquy may have rendered a guilty or no contest plea infirm. *See Brown*, 716 N.W.2d 906, ¶ 64; *Howell*, 722 N.W.2d 567, ¶ 16. When sufficient, nonconclusory facts are pled in a postconviction plea withdrawal motion that, if true, would entitle a defendant to withdraw his plea, the court must conduct an evidentiary hearing on the motion. *Id.*, ¶ 17.

¶ 16. In the passage from the circuit court's decision that we have quoted above, the court expresses its concern regarding the lack of finality of guilty pleas if defendants are permitted to pursue postconviction claims that repudiate their plea colloquy responses. The court's implication is that, if a defendant may have his or her conviction set aside because of an allegedly unknowing or involuntary plea despite the circuit court's compliance with the *Bangert* requirements, compliance with *Bangert* would serve little purpose. The availability of a *Nelson/Bentley* motion to challenge

a plea, however, in no way diminishes the importance of a circuit court's compliance with the *Bangert* requirements when taking a plea.

¶ 17. When a plea colloquy complies with the *Bangert* requirements, the plea comes before the post-conviction court clothed with a presumption of its validity, and, as we have noted, the defendant shoulders the burden to produce evidence and persuade the court that a manifest injustice has occurred. If a colloquy fails to comply with *Bangert*, however, the presumption reverses and the plea is presumed to be infirm unless the State meets its burden to show that the defendant in fact knew and understood the information required for a knowing and voluntary plea despite its absence from the plea colloquy. *See Howell*, 722 N.W.2d 567, ¶ 24 n.9 ("What distinguishes a *Bangert* motion is . . . whether the burden of proof on the topic should shift to the State because of a plea colloquy defect."). Furthermore, as we have also discussed above, not every non-*Bangert* plea withdrawal motion merits an evidentiary hearing. A hearing is required only if a non-*Bangert* motion meets the *Nelson/Bentley* standard. In contrast, every motion that shows a prima facie *Bangert* violation requires a hearing unless the State confesses error. *See id.*, ¶ 15.

¶ 18. Thus, although a circuit court's compliance with *Bangert* cannot immunize a guilty or no contest plea against all possible postconviction challenges, a proper plea colloquy not only ensures, to the greatest extent possible, that a guilty or no contest plea complies with constitutional requirements, but it also goes a long way toward deflecting many potential postconviction challenges to the plea. Compliance with the *Bangert*

requirements does not, however, permit a circuit court to rely on a defendant's plea colloquy responses to deny the defendant an evidentiary hearing on a properly pled postconviction motion that asserts a non-*Bangert* reason why the plea was not knowing or voluntary. Put another way, when a defendant convicted on a guilty or no contest plea asserts, as Basley has in this case, that the responses given during a plea colloquy were false and the defendant provides non-conclusory information that plausibly explains why the answers were false, the defendant must be given an evidentiary hearing on his or her plea withdrawal motion. *See Howell*, 722 N.W.2d 567, ¶ 33.

¶ 19. Finally, we note in closing that our disposition of Basley's present appeal should not be interpreted as an indication that we believe Basley will necessarily prevail in his request to withdraw his no contest plea. Our only conclusion on the present record is that Basley is entitled to a fair opportunity to persuade the circuit court that he should be allowed to withdraw his plea for the reasons asserted in his motion. Basley acknowledged in his postconviction motion that the success or failure of his motion will likely depend in large measure on the circuit court's determination of his and his trial counsel's credibility.[6] Neither Basley's nor his trial counsel's testimony has yet been given, however, and that is precisely why there needs to be an evidentiary hearing on Basley's motion.

---

[6] In his postconviction plea withdrawal motion, Basley "acknowledges that trial counsel, in correspondence to him, has denied the allegations contained in this motion. He seeks a hearing at which the court can resolve the conflict." Later in the motion, Basley further acknowledges that the outcome on the motion will rest on the circuit court's "credibility determinations."

## CONCLUSION

¶ 20. For the reasons discussed above, we reverse the order denying Basley's postconviction motion to withdraw his no contest plea, but we do not disturb the judgment of conviction. On remand, the circuit court shall conduct an evidentiary hearing on Basley's motion. If the court grants Basley's plea withdrawal motion, it shall set aside his conviction for second-degree reckless homicide and enter such other orders as will restore the parties to their positions prior to the State's final amendment of the information to facilitate the plea agreement.

*By the Court.*—Order reversed and cause remanded with directions.