COURT OF APPEALS
DECISION
DATED AND FILED

July 18, 2019

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2018AP2161-CR**

Cir. Ct. No. **2017CF1940**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT IV

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

CRAIG L. MILLER,

DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Dane County: JILL KAROFSKY, Judge. *Affirmed.*

¶1 FITZPATRICK, J.[1] Craig Miller appeals a judgment of conviction and an order denying postconviction relief entered by the Dane County Circuit Court. Miller was convicted of one count of disorderly conduct as a domestic

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(f) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

abuse incident, and as a repeater, pursuant to his guilty plea to that charge. Miller filed a postconviction motion to withdraw his plea alleging that the plea was not entered knowingly, intelligently, and voluntarily. Following an evidentiary hearing, the circuit court denied Miller's postconviction motion. The circuit court's order is affirmed based on my conclusion that Miller has failed to show that his plea was unknowing, unintelligent, and involuntary.

## BACKGROUND

¶2 The following facts are undisputed.

¶3 Miller was charged with one count of substantial battery in violation of WIS. STAT. § 940.19(2), as a domestic abuse incident, and as a repeater; and one count of disorderly conduct in violation of WIS. STAT. § 947.01(1), also as a domestic abuse incident, and as a repeater. Miller and the State negotiated a plea agreement, pursuant to which Miller pled guilty to the disorderly conduct count, and the substantial battery count was dismissed.

¶4 Miller completed and signed a plea questionnaire/waiver of rights form on which he checked boxes indicating that he was not currently receiving treatment for a mental illness, and that he had not taken any medication within the previous 24 hours. Miller also checked boxes on that form indicating that he understood the charges and understood that, by entering the plea, he was waiving various enumerated constitutional rights of his own free will.

¶5 The circuit court conducted a plea colloquy during which the court asked, and Miller answered, as follows among other questions and answers. The circuit court asked Miller whether he understood everything on the plea questionnaire/waiver of rights form, and whether the information on the form was

2

true and accurate, and Miller answered yes to both questions. The circuit court asked whether trial counsel was able to answer any questions Miller had about the plea, and Miller answered yes. Miller further stated that he understood the constitutional rights he was waiving by entering a plea. The circuit court asked whether Miller had any questions about his constitutional rights, and Miller said no.

¶6    Miller pled guilty to the one count of disorderly conduct described earlier. The circuit court found that Miller entered his plea knowingly, intelligently, and voluntarily. The circuit court accepted the plea, found Miller guilty, and proceeded immediately to sentencing. Consistent with the joint recommendation of the parties, the circuit court imposed a bifurcated sentence of two years, consisting of one year of initial confinement and one year of extended supervision.

¶7    Miller filed a motion for postconviction relief contending that he was entitled to withdraw his plea as a matter of right because the plea was not entered knowingly, intelligently, and voluntarily. Miller alleged in the motion that the plea was a "product of duress, produced by his medical/psychological condition and medication." Medical records attached to the motion indicate that Miller has a diagnosis of paranoid schizophrenia.[2] The medical records additionally indicate that, in the time leading up to his plea, Miller's judgment had gone from "intact" to "good" to "fair."

---

[2] This opinion will sometimes refer to Miller's diagnosis of paranoid schizophrenia as his mental illness, as Miller does in his briefing in this court.

3

¶8     The circuit court conducted an evidentiary hearing at which Miller testified that he was being treated for mental illness and taking medication while he was in jail prior to sentencing.  Miller testified that he heard "voices," could not focus, and felt "helpless and hopeless."  When asked why he accepted the plea offer, Miller stated, "I had no—what else was I going to do?"  Miller testified that he "felt trapped" and "[figuratively] threw [his] hands up."

¶9     The circuit court made the following germane findings at the end of the postconviction hearing.  Miller's medical records indicated that he was "coherent" and that his judgment was "fair" six days prior to the plea hearing.  Miller was "stressed" and "very frustrated" at the time of his plea.  There was nothing in the record regarding Miller's competency or the possibility of Miller pleading not guilty by reason of mental disease or defect (NGI).[3]  There was no evidence regarding the symptoms or treatment of paranoid schizophrenia or how a diagnosis of paranoid schizophrenia would have affected Miller's plea.  Additionally, there was no evidence regarding the side effects of the medication Miller was taking and no evidence regarding the severity of Miller's diagnosis.  There was also no evidence showing that a diagnosis of paranoid schizophrenia affects a person's ability to act voluntarily.  Based on those findings, the circuit court determined that Miller had not carried his burden and denied the motion for postconviction relief.

---

[3] Pursuant to WIS. STAT. § 971.15(1), a defendant may enter a plea that he or she is not responsible for their criminal conduct because, at the time of the conduct and as a result of a mental disease or defect, the defendant lacked substantial capacity to appreciate either the wrongfulness of his or her conduct or conform his or her conduct to the requirements of the law. This type of plea is known in Wisconsin law as an "NGI" plea. *State v. Magett*, 2014 WI 67, ¶1, 355 Wis. 2d 617, 850 N.W.2d 42.

¶10    Miller appeals.

¶11    I refer to additional pertinent facts in the following discussion.

## DISCUSSION

¶12    Miller argues that he is entitled to withdraw his plea to the disorderly conduct count because his diagnosis of paranoid schizophrenia caused the plea to not be knowing, intelligent, and voluntary. I conclude that Miller has failed to establish that his mental illness or medication caused his plea to be unknowing, unintelligent, and involuntary. Accordingly, Miller has not met his burden to show by clear and convincing evidence that plea withdrawal is necessary to correct a manifest injustice.

### I.  Plea Withdrawal After Sentencing and Standard of Review.

¶13    "To withdraw a guilty plea after sentencing, a defendant must show by clear and convincing evidence that a refusal to allow withdrawal of the plea would result in manifest injustice …." *State v. Dillard*, 2014 WI 123, ¶36, 358 Wis. 2d 543, 859 N.W.2d 44. "The 'manifest injustice' test requires a defendant to show 'a serious flaw in the fundamental integrity of the plea.'" *State v. Thomas*, 2000 WI 13, ¶16, 232 Wis. 2d 714, 605 N.W.2d 836 (quoting *State v. Nawrocke*, 193 Wis. 2d 373, 379, 534 N.W.2d 624 (Ct. App. 1995)). A defendant can establish that a manifest injustice occurred by showing that the plea was not entered knowingly, intelligently, and voluntarily. *Dillard*, 358 Wis. 2d 543, ¶37; *see also State v. Burton*, 2013 WI 61, ¶73, 349 Wis. 2d 1, 832 N.W.2d 611 ("Waiving constitutional rights must be knowing, intelligent, and voluntary acts 'done with sufficient awareness of the relevant circumstances and likely consequences.'" (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)). If a

guilty plea is not entered knowingly, intelligently, and voluntarily, the defendant is entitled to withdrawal of the plea "as a matter of right because such a plea 'violates fundamental due process.'" ***State v. Finley***, 2016 WI 63, ¶13, 370 Wis. 2d 402, 882 N.W.2d 761 (quoting ***State v. Brown***, 2006 WI 100, ¶19, 293 Wis. 2d 594, 716 N.W.2d 906).

¶14    A defendant may show that his or her plea was not knowingly, intelligently, and voluntarily entered under one of two lines of cases:   (1) the ***Bangert*** line of cases, ***State v. Bangert***, 131 Wis. 2d 246, 389 N.W.2d 12 (1986), when the plea colloquy itself is defective; or (2) the ***Nelson***/***Bentley*** line of cases, ***Nelson v. State***, 54 Wis. 2d 489, 195 N.W.2d 629 (1972), and ***State v. Bentley***, 201 Wis. 2d 303, 548 N.W.2d 50 (1996), that applies when "some factor extrinsic to the plea colloquy, like ineffective assistance of counsel or coercion, renders a plea infirm." ***State v. Howell***, 2007 WI 75, ¶¶2, 74, 301 Wis. 2d 350, 734 N.W.2d 48.   Miller seeks withdrawal of his plea under the ***Nelson***/***Bentley*** line of cases. Under that line of cases, the burden is on the defendant to show that the plea was not entered knowingly, intelligently, and voluntarily. ***State v. Hoppe***, 2009 WI 41, ¶60, 317 Wis. 2d 161, 765 N.W.2d 794.

¶15    "Whether a defendant's plea was entered knowingly, intelligently, and voluntarily is a question of constitutional fact." ***Dillard***, 358 Wis. 2d 543, ¶38.  This court upholds the circuit court's findings of historical fact unless those are clearly erroneous. ***Id.***  Miller does not argue that the circuit court's findings of fact were clearly erroneous.  Rather, Miller challenges the conclusions the circuit court drew from those factual findings.  This court reviews de novo whether the facts demonstrate that the plea was not entered knowingly, intelligently, and voluntarily. ***Id.***

## II. Miller Has Not Met His Burden to Show That His Plea Was Not Entered Knowingly, Intelligently, and Voluntarily.

¶16    In this court, Miller admits that his diagnosis of paranoid schizophrenia did not "interfere[] with his ability to understand what was happening at the plea hearing …." In other words, Miller concedes that his plea was entered knowingly, and that he understood the charge he was pleading to and the consequences of his plea. In spite of this concession, Miller contends that he is entitled to withdraw his plea because it "was a product of duress rather than a voluntary and intelligent choice," and "his ability to make sound decisions, such as whether [to waive his constitutional rights], was compromised by his condition." He asserts that the record sufficiently demonstrates that his mental illness "was responsible for his deteriorating judgment and insight," and "the compulsive force of paranoid schizophrenia … caused him to enter his plea of guilty."

¶17    I agree with the circuit court and conclude that the evidence Miller presented at the postconviction hearing is insufficient to establish that his mental illness caused his plea to be entered unknowingly, unintelligently, and involuntarily. Miller did not demonstrate that he did not know or understand the consequences of his plea and, as mentioned, his briefing in this court concedes that point. Additionally, Miller did not present any evidence showing that his mental illness or his medication compromised his ability to make intelligent decisions and act voluntarily. There is no evidence in the record that Miller's mental illness or his medication caused duress or acted as a "compulsive force." The testimony at the postconviction hearing does not provide a basis from which to conclude that Miller's mental illness or his medication caused him to enter his plea unknowingly, unintelligently, and involuntarily.

¶18    Miller makes a number of counterarguments, most of which are premised upon conclusory assertions that his mental illness "overcame his intention to take the case to trial" and caused him to enter his plea unknowingly, unintelligently, and involuntarily.  I reject these arguments.

¶19    As previously stated, the circuit court's findings are premised in part on a lack of expert testimony from Miller regarding how the symptoms of Miller's mental illness, and the side effects of his medication, might have affected his ability to enter a knowing, intelligent, and voluntary plea.  Miller attempts to circumvent the lack of expert medical testimony in two ways.  First, Miller contends that "[a]lthough there was no expert testimony, there was no testimony or evidence offered by the state to dispute the medical records."  This argument fails because "[t]he burden at a *Nelson/Bentley* evidentiary hearing is on the defendant."  *Hoppe*, 317 Wis. 2d 161, ¶60.  Although Miller's medical records indicate a diagnosis of paranoid schizophrenia, the circuit court found that those records do not contain any information about the symptoms of paranoid schizophrenia or the side effects of the medication Miller was taking.  The medical records do not establish that Miller's mental illness caused him duress, and that he could not make decisions of his own free will.  It was Miller's burden to demonstrate that the entry of his plea was unknowing, unintelligent, and involuntary, and his medical records are insufficient to meet that burden.

¶20    Second, Miller asserts that any expert testimony "would have been speculative at best" because the expert would not have "examined [] Miller at the relevant time."  Instead, Miller "provided his own firsthand account of how his … condition affected him."  Miller does not develop an argument that he was qualified to give an expert opinion about how his mental illness or medication affected his ability to make voluntary decisions, and his proffered interpretation of

his medical records is purely speculative. *See* **State v. Pettit**, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992) (court of appeals may decline to review undeveloped arguments supported only by general statements). Miller's testimony mentioned only some of his own thoughts at the time of the plea hearing, and Miller has not cited to any authority holding that such a showing is sufficient as a matter of law under the **Nelson**/**Bentley** line of cases. *See id.* ("Arguments unsupported by references to legal authority will not be considered.").

¶21 Miller also argues that he has provided a plausible explanation for his inaccurate responses on the plea questionnaire/waiver of rights form and at the plea hearing, citing to **State v. Basley**, 2006 WI App 253, ¶18, 298 Wis. 2d 232, 726 N.W.2d 671. However, the argument goes nowhere because **Basley** supports only the proposition that a defendant who provides a plausible explanation for false responses given during a plea colloquy is entitled to an evidentiary hearing on his or her plea withdrawal motion. **Basley**, 298 Wis. 2d 232, ¶18. Here, Miller received an evidentiary hearing on his postconviction motion, and it remained his burden to show by clear and convincing evidence that plea withdrawal is necessary to correct a manifest injustice, but he did not do so.

¶22 Miller next points to the fact that his medical records indicate that his judgment went from "intact" to "good" to "fair." Miller asserts that these assessments of his judgment demonstrate that his "mental state was impaired at the time he made the decision to accept the [S]tate's offer …." For the same reasons as I have already discussed, this contention rests on speculation and conjecture. As the circuit court stated, there is no evidence concerning what an assessment of "intact," "good," or "fair" judgment means. Contrary to Miller's assertion, there is no evidence in the record showing that an assessment of "fair" means that a person's judgment is "impaired" such that he or she can not make decisions

knowingly, intelligently, and voluntarily. Miller asserts that, "[a]lthough there is no expert testimony in the record to further explain these notations, the record of the notations themselves indicates a worsening condition." Miller does not cite to any factual basis in the record to support this assertion, and I need not consider it further.

¶23     Miller additionally asserts that his "feeling that no one was helping him" is "consistent with a person suffering the effects of a mental illness like schizophrenia." Once again, I reject this argument because Miller did not present any evidence regarding the effects of a paranoid schizophrenia diagnosis on an individual's ability to make knowing, intelligent, and voluntary decisions beyond his own conclusory assertion.

¶24     Miller also contends that, had he "responded in court on the day of the plea hearing in a manner that was consistent with his medical records, it is unlikely that the court would have accepted his plea." One hardly knows what to say about this argument. It says so little yet assumes so much. In any event, Miller has disclaimed any argument that the circuit court's plea colloquy was defective.

¶25     Finally, Miller argues that while "[s]elf-imposed duress does not render a plea involuntary," *see* **State v. Goyette**, 2006 WI App 178, ¶¶29-30, 296 Wis. 2d 359, 722 N.W.2d 731, the effects of paranoid schizophrenia are "arguably more akin to forces that compel." Like many of Miller's arguments, this argument fails because Miller has not provided any evidence concerning the effects of his mental illness or medication on his ability to make a knowing, intelligent, and voluntary choice. Even though Miller's mental illness is not self-imposed, it does not follow that his plea was, therefore, involuntary.

¶26    Simply put, I have no basis from which to conclude that Miller's mental illness or medication caused duress or compelled him to enter his plea. Because Miller has not met his burden to show that the plea was not entered knowingly, intelligently, and voluntarily, I affirm the judgment of conviction and the order denying postconviction relief.

## CONCLUSION

¶27    For the foregoing reasons, the judgment and order of the circuit court are affirmed.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.