COURT OF APPEALS
DECISION
DATED AND FILED

April 14, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2018AP2365-CR**

Cir. Ct. No. **2016CF65**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT III

---

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

AARON K. HALL,

DEFENDANT-APPELLANT.

---

APPEAL from a judgment of the circuit court for Price County: KEVIN G. KLEIN, Judge. *Affirmed*.

Before Stark, P.J., Hruz and Seidl, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Aaron Hall appeals from a criminal judgment convicting him of one count of delivering cocaine and one count of delivering

marijuana, each as a repeat offender. The sole issue on appeal is whether the circuit court erred by denying Hall's presentence motion to withdraw his guilty pleas to the charges. We affirm the circuit court's determination that Hall has failed to demonstrate a fair and just reason for plea withdrawal.

## BACKGROUND

¶2      The charges against Hall arose from a controlled drug buy during which Hall sold an undercover police officer three bags of cocaine and four bags of marijuana. Hall entered his pleas pursuant to a plea agreement in which the State agreed to recommend that the circuit court dismiss and read in charges from two other cases pending against Hall, and to be bound by the initial confinement portion of any sentencing recommendation set forth in the presentence investigation report (PSI), if one were ordered by the court. The court ultimately ordered a PSI, which recommended six to seven years of initial confinement on the cocaine charge along with a concurrent three years of initial confinement on the marijuana charge.

¶3      Immediately after receiving the PSI and prior to sentencing, Hall moved to discharge counsel in order to seek plea withdrawal. The circuit court permitted counsel to withdraw, and a new attorney orally sought plea withdrawal on Hall's behalf. The new attorney alleged that Hall's pleas had not been freely and voluntarily given because Hall's original attorney had coerced Hall into entering them.

¶4      At a motion hearing, Hall testified that his original attorney "persuaded" him to enter pleas by informing Hall: (1) that if Hall did not accept the plea deal, counsel would seek to be discharged; and (2) that "the PSI should come back as two or three years initial." Hall acknowledged that he understood

2

all the information on the plea questionnaire and did not allege any defects in the plea colloquy, but he asserted that he wanted to withdraw his pleas because he wanted the judge "to hear the whole situation and not just what the PSI recommended."

¶5    Based upon Hall's testimony, the circuit court determined that counsel's alleged conduct was consistent with his obligation to provide Hall with a recommendation as to how Hall should proceed and did not amount to improper coercion.  The court further determined that the actual reason Hall wanted to withdraw his pleas was because the PSI recommendation was in excess of the sentence he desired.  The court therefore concluded Hall had failed to demonstrate a fair and just reason to withdraw his pleas.

¶6    The circuit court subsequently sentenced Hall to five years of initial confinement and four years of extended supervision on the cocaine charge, and a concurrent term of three years of initial confinement and two years of extended supervision on the marijuana charge.  Hall appeals the judgment of conviction, renewing his claim for plea withdrawal.

**DISCUSSION**

¶7    A defendant may withdraw a plea prior to sentencing upon showing any fair and just reason for his or her change of heart beyond the simple desire to have a trial, as long as the prosecution has not been substantially prejudiced by its reliance on the plea.  *See* ***State v. Garcia***, 192 Wis. 2d 845, 861-62, 532 N.W.2d 111 (1995).

¶8    A circuit court's decision whether to grant a plea withdrawal motion is discretionary, and we will uphold it as long as the court rationally applied the

correct standard of law to the facts of record. *State v. Jenkins*, 2007 WI 96, ¶30, 303 Wis. 2d 157, 736 N.W.2d 24. In determining the facts of record, this court will accept the circuit court's findings of historical or evidentiary fact unless they are clearly erroneous. *Id.*, ¶33. In addition, because the circuit court is in the best position to observe witness demeanor and gauge the persuasiveness of testimony, it is the "ultimate arbiter" for credibility determinations when acting as a fact finder. *See State v. Kivioja*, 225 Wis. 2d 271, 291, 592 N.W.2d 220 (1999). We will therefore defer to the circuit court's assessment as to the credibility of any proffered explanation for the plea withdrawal request. *Id.* However, when there are no disputed issues of fact or credibility, the question of whether a set of established facts satisfies the standard for plea withdrawal becomes a question of law. *Jenkins*, 303 Wis. 2d 157, ¶34.

¶9 Hall contends the circuit court erroneously exercised its discretion by failing to apply the correct standard of law. Specifically, he argues that the court erred by failing to conclude as a matter of law that the two "unrefuted" reasons Hall offered for plea withdrawal—namely, that counsel coerced him into entering pleas by threatening to withdraw and promising that the PSI would recommend two to three years of initial confinement—constituted a fair and just reason for plea withdrawal. We disagree with Hall's characterization of both the record and the court's decision, as well as his framing of the issue on appeal.

¶10 First, we do not agree Hall's testimony establishes that counsel coerced Hall to enter his pleas by "threatening" to quit or by making promises as to what the PSI would recommend. As the circuit court found—according to Hall's own testimony—counsel did not make any "threats" but, rather, "persuaded" Hall to take the plea deal. This case is distinguishable from *State v. Basley*, 2006 WI App 253, 298 Wis. 2d 232, 726 N.W.2d 671, in which the circuit

4

court held that counsel's threat to withdraw, coupled with a threat that it would take a year for the defendant to get a new attorney, would constitute coercive conduct, if true. Here, there was no allegation that Hall would be unable to promptly obtain successor counsel if he refused to plead. We are satisfied the court reasonably construed Hall's testimony as showing no coercion, undue force, or pressure by counsel—but rather a communication of counsel's recommendation that Hall should accept the plea deal.

¶11 Nor would the circuit court have been required to accept Hall's testimony regarding his attorney's "threat" to withdraw as credible, even if his testimony could somehow be construed as alleging coercion from counsel. To begin, a court can properly reject even uncontroverted testimony. *State v. Kimbrough*, 2001 WI App 138, ¶29, 246 Wis. 2d 648, 630 N.W.2d 752 ("[A] trial court may choose to believe some assertions of the witness and disbelieve others."). Furthermore, when the alleged basis for plea withdrawal calls counsel's conduct into question, it is the defendant's responsibility to produce counsel's testimony. *State v. Machner*, 92 Wis. 2d 797, 804, 285 N.W.2d 905 (Ct. App. 1979). Here, Hall not only failed to produce his original attorney at the plea withdrawal hearing, he made no offer of proof as to what testimony counsel would offer. The court was certainly not required to credit Hall's self-serving allegations as to counsel's conduct without giving counsel an opportunity to refute them. Hall's testimony alone was insufficient to establish that his plea was coerced.

¶12 We further note that making a prediction as to a future event, such as what the PSI would recommend for a sentence, is not the same as counsel promising to provide some favor to the defendant in exchange for his plea. Moreover, Hall does not dispute that he knew the circuit court would not be bound by any sentencing recommendations, whatever they might be. Therefore, Hall's

testimony was also insufficient to show that his plea was induced by a false promise. In sum, the issue before this court is not whether improper threats or promises from counsel would constitute a fair and just reason for plea withdrawal as a matter of law. In finding that Hall sought to withdraw his pleas due to dissatisfaction with the sentence recommendation in the PSI, the circuit court implicitly rejected as not credible Hall's claim that he wished to withdraw his pleas because he had been coerced into entering them or promised a particular sentence.

¶13 The true dispositive question here is whether the circuit court's factual finding regarding Hall's motivation for withdrawing his pleas was clearly erroneous. We conclude the court's finding was not clearly erroneous because it was directly supported by Hall's own testimony, among other things. Absent any finding that Hall's pleas were either coerced or induced by a false promise as alleged, it follows that the court reasonably exercised its discretion in concluding that Hall had failed to show a fair and just reason for plea withdrawal.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5. (2017-18).