COURT OF APPEALS
DECISION
DATED AND FILED

June 25, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

**This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.**

**A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.** *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No.  2025AP689-CR**

**STATE OF WISCONSIN**

Cir. Ct. No.  2021CF2498

**IN COURT OF APPEALS
DISTRICT IV**

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

CORTEZ M. TALLEY,

DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Dane County: ELLEN K. BERZ, Judge.  *Affirmed*.

Before Graham, P.J., Kloppenburg, and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Cortez Talley appeals a judgment of conviction and an order denying his postconviction motion. The issue is whether he should be allowed to withdraw his guilty plea due to alleged coercion by his attorney. We conclude that Talley did not prove that counsel's conduct was the cause of his plea, and therefore we affirm.

¶2 Talley pled guilty to one count of attempted first-degree intentional homicide. After sentencing, he moved to withdraw his plea. The ground for the motion was that his plea "was the product of … improper denials" by the circuit court of his attorney's motions to withdraw. The circuit court denied the plea withdrawal motion after an evidentiary hearing.

¶3 On appeal, Talley argues that he should be allowed to withdraw his plea because it was coerced by what he describes as the circuit court's erroneous denials of his attorney's motions to withdraw. Much of his brief focuses on the ways in which he claims that the denials of those motions were erroneous.

¶4 We decline to adopt Talley's framing of this issue, as it brings in unnecessary concepts that are not relevant. Although the circuit court denied counsel's motions to withdraw, it is not accurate to describe those denials as the source of any coercion that occurred.

¶5 To the extent that Talley's plea may have been coerced, the source of the coercion would have been the specific action or inaction of counsel that affected Talley's plea decision. It is immaterial that counsel also moved to withdraw, or how such motions were decided. Denial of a motion to withdraw, by itself, would not be coercive of a guilty plea, even if that denial was erroneous. Instead, any coercive effect would flow from the allegedly coercive conduct of counsel that the denial of the withdrawal motion permitted to continue. Non-coercive conduct by counsel

2

would not suddenly become coercive when the circuit court denied counsel's motions to withdraw. And any coercive conduct by counsel would be coercive even if no motion to withdraw had been filed or decided at all. In sum, the decisions on counsel's motions to withdraw are irrelevant.

¶6     Accordingly, we disregard Talley's arguments about the motions to withdraw and whether they were properly decided. Instead, we focus on the alleged actions or inactions of counsel and how Talley claims they affected his decision to plead guilty.

¶7     The first point of contention between the parties on appeal is whether the guilty-plea waiver rule bars Talley's arguments about the circuit court's denial of counsel's motions to withdraw. As stated, we regard those court decisions as irrelevant to the issue before us. Therefore, we do not further consider the effect of the guilty-plea waiver rule on Talley's arguments. The State does not contend that an argument for plea withdrawal on the basis of coercion by counsel is barred by that rule.

¶8     Talley's postconviction testimony was vague as to exactly what the coercion by trial counsel consisted of. He described counsel as being confused about certain facts of the case, as not agreeing with him about the importance of certain facts, and as being too personally close to the circuit court judge, and he said that these concerns led him to feel that he would not get a fair trial. It is questionable, at best, whether this conduct by counsel could properly be described as coercion that left Talley with no reasonable alternative but to plead guilty instead of going to trial represented by counsel.

¶9     However, we base our decision on a different aspect of the analysis. To obtain plea withdrawal on the basis of coercion, Talley must show that counsel's

allegedly coercive conduct caused him to plead guilty. *See State v. Basley*, 2006 WI App 253, ¶9, 298 Wis. 2d 232, 726 N.W.2d 671; *see also Brady v. United States*, 397 U.S. 742, 750 (1970) (defendant did not have grounds to withdraw his plea when there were no facts in the record showing that the claimed coercion prevented the defendant from rationally weighing the advantages of going to trial against the advantages of pleading guilty). Talley testified at the postconviction hearing that he did not want to go to trial with his appointed attorney because the outcome "didn't look good" and the fairness of the trial would be "slim to none." In denying the motion, the court found that Talley was not a credible witness for several reasons.

¶10 On appeal, Talley does not directly address that finding. He argues that the totality of the circumstances supports a finding that he pled guilty due to his feelings about his attorney, mainly as shown by statements by Talley and his attorney in connection with the motions to withdraw. While the record seems clear that Talley was not happy with his attorney, it does not necessarily follow that this dissatisfaction was the reason for Talley's plea.

¶11 Talley's claim about the reason for his plea is plausible, but it is also plausible that he pled guilty to take advantage of the plea agreement in which the State agreed to remove the repeater allegation on the pled-to charge, and to cap its sentencing recommendation at twenty years. In addition, the State agreed to dismiss a second count of attempted homicide, along with counts of recklessly endangering safety and possession of a firearm by a felon. In sum, Talley has not shown that it was clearly erroneous for the circuit court to find that counsel's conduct was not the reason for Talley's plea. Therefore, his motion to withdraw his plea was properly denied.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5. (2023-24).